Opinion by
Hurt, J.
§ 714. Illegality of contract cannot be inquired into unless pleaded; case stated. E. D. Sykes, deceased, and appellant, were husband and wife, and there was pending between them a suit for divorce. They entered into a written agreement partitioning their property, and in consideration of certain of the property received by appellant she executed her notes to her husband'for $400. It was stipulated in the agreement that the husband, E. D. Sykes, the defendant in the divorce suit, would not resist the granting of the divorce. This agreement was filed in the divorce suit, and was made the decree of the court, and the divorce was granted. E. D. Sykes afterwards died, and this suit was brought by appellee, his administrator, to recover the amount of said notes, and judgment was rendered for appellee. It is insisted by the appellant that the consideration for said notes was illegal, the same *628 being contrary to public policy, in that it was for the purpose of obtaining a divorce. There is no plea setting up the illegality of the contract, and hence this question cannot be considered. If appellant desired to attack the notes because the consideration for the same was illegal, the facts showing the illegality should have been set forth in her answer, it- not appearing from the petition that the contract was illegal.
May 20, 1885.
§ 715. Res adjudicata. The agreement in pursuance of which the notes were executed by appellant, having been made the decree of the court in the divorce suit, the validity of the contract is res adjudicata. Whether the stipulation that the husband would not resist the wife’s suit for divorce rendered the contract illegal, cannot now be inquired into, because that contract has been merged into a judgment of a court of competent jurisdiction. It is not pretended that the judgment was obtained by fraud.
Affirmed.